UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIMMY RAY RAMOS, <br><br> Plaintiff, <br><br> v. <br><br> TULARE COUNTY SHERIFF'S DEP'T, et al., <br><br> Defendants. | **Case No. 1:18-cv-00065-JLT (PC)** <br><br> **ORDER TO ASSIGN A DISTRICT JUDGE; AND** <br><br> **FINDINGS AND RECOMMENDATIONS TO DISMISS CASE WITHOUT LEAVE TO AMEND** <br><br> **(ECF No. 13)** <br><br> **FOURTEEN-DAY DEADLINE** |

Plaintiff proceeds on a first amended complaint against three defendants for alleged violations of his due process rights. His original complaint with dismissed with leave to amend for failure to state a claim. (ECF No. 5.) On review, the undersigned will recommend that this action be dismissed because plaintiff again fails to state a claim and because this action is now moot.

**I.  Screening Requirement**

The court is required to screen complaints brought by inmates seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),

1

(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

**II.     Pleading Standard**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)), and courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not. Iqbal, 556 U.S. at 678.

Prisoners may bring § 1983 claims against individuals acting "under color of state law." See 42 U.S.C. § 1983, 28 U.S.C. § 1915(e) (2)(B)(ii). Under § 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), but nevertheless, the mere possibility of misconduct falls short of meeting the plausibility standard, Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

**III.    Plaintiff's Allegations**

Plaintiff is currently incarcerated at Tulare County Main Jail in Visalia, California. He names as defendants Captain Wenzinger, who is "responsible for all facilities / rehabilitation and housing of inmates within Tulare County"; Classification Sergeant Walker, who is "in charge of the classification of inmates"; Sheriff Deputy and Gang Investigation Unit Jason Baillie, who is "in charge of gang investigations / management." All defendants are sued in their individual

2

capacities, while Captain Weinzinger is also sued in his official capacity. Each defendant is affiliated with the Tulare County Bob Wiley Detention Facility, where the events at issue took place.

Plaintiff's allegations are summarized as follows:

On August 28 and 29, 2017, Sheriff Deputy Jason Baillie testified at a preliminary hearing in Porterville Superior Court in an unrelated criminal case that plaintiff, then a detainee, was a gang participant who oversaw Norteno criminal activity within the Tulare County Bob Wiley Detention Facility. In so testifying, Sheriff Deputy Baillie relied on information obtained from a confidential informant. This information, which was deemed reliable without any corroborating evidence, was never conveyed to plaintiff.

On September 15, 2017, a "tactical operation" was carried out by several law enforcement officers and units who placed plaintiff and three other "inmates/detainees" in handcuffs and took them to a holding tank. Plaintiff was then transferred to the administrative segregation unit where he was housed for over 45 days and forced to endure certain restrictions, including single-cell housing, "walk alone yard/dayroom," and family visits while in six-point restraints and shackled to a metal stool. On October 25, 2017, plaintiff was transferred to the Tulare County Main Jail where he was reclassified as single cell.

Plaintiff raises multiple claims related to these events. First, his due process rights were violated when he was not informed as to what the confidential informant said regarding him. Second, his due process rights were violated when he did not receive notice, a disciplinary hearing, any idea of the reason for his placement in administrative segregation, an opportunity to object, a written decision, or an opportunity to appeal. Third, he was never cleared by medical staff or personnel to see if he was psychologically injured following the tactical operation or after he was transferred to the Tulare County Main Jail.[1] Fourth, he was subjected to cruel and unusual punishment when he was forced to visit with his family while in six-point restraints and shackled to a metal stool.

---

[1] Notably, plaintiff does not allege that he suffered any injury because of the transfers.

3

Plaintiff accuses Captain Weinzinger and Sheriff Deputy Bailliee of failing to disclose the information they received from the confidential informant; Captain Weinzinger and Sergeant Walker failed to medically clear plaintiff before or after the placement in administrative segregation; and Captain Weinzinger of continuing the use of six-point restraints and a leg iron for "inmates/detainees."

Plaintiff purports to bring this action on behalf of himself and others and requests declaratory and injunctive relief only. By way of injunctive relief, plaintiff seeks numerous injunctions requiring, inter alia, that the defendants comply with due process "for all who are and will be later incarcerated for whatever their charges," that Captain Weinzinger adopt new institutional policies to further protect inmate and detainee due process rights, that Captain Weinzinger implement new training for staff members, and that Captain Weinzinger cease the use of six-point restraints affixed to metal objects while inmates visit with their families.

**IV.  Discussion**

    **A.  Class Action**

Initially, the court addresses plaintiff's attempt to bring this action as a class action. Plaintiff is a non-lawyer proceeding without counsel, and it is well established that a layperson cannot ordinarily represent the interests of a class. See McShane v. United States, 366 F.2d 286 (9th Cir. 1966). This rule becomes almost absolute when, as here, the putative class representative is incarcerated and proceeding pro se. Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975). In direct terms, plaintiff cannot "fairly and adequately protect the interests of the class," as required by Rule 23(a)(4) of the Federal Rules of Civil Procedure. See Martin v. Middendorf, 420 F. Supp. 779 (D. D.C. 1976). This action, therefore, will not be construed as a class action and instead, will be construed as an individual civil suit brought by plaintiff.

    **B.  Inadequate Medical Care**

To state a Fourteenth Amendment medical care claim, a pretrial detainee must present the following elements: "(i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that

4

risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries." Gordon v. County of Orange, 888 F.3d 1118 (9th Cir. Apr. 13, 2018). The standard of review for such claims is "one of objective indifference, not subjective indifference." Id. at 1120.

Plaintiff's medical care claim arises from the alleged failure of medical staff or personnel to see if plaintiff was psychologically injured following the tactical operation and after he was transferred to the Tulare County Main Jail. This claim must be dismissed because plaintiff has not alleged injury, and he fails to link this conduct to any specific defendant.

### C. Fourteenth Amendment Due Process

The Fourteenth Amendment protects the rights of pretrial detainees. Bell v. Wolfish, 441 U.S. 520, 545 (1979). "[U]nder the Due Process Clause, a detainee may not be punished prior to an adjudication of guilt in accordance with due process of law." Demery v. Arpaio, 378 F.3d 1020, 1029 (9th Cir. 2004) (quoting Bell, 441 U.S. at 535).

During the period of detention prior to trial, a pretrial detainee may be properly subject to the conditions of the jail so long as they do not amount to punishment. Bell, 441 U.S. at 536-37. "Unless there is evidence of intent to punish, then those conditions or restrictions that are reasonably related to legitimate penological objectives do not violate a pretrial detainee's right to be free from punishment." Hatter v. Dyer, 154 F. Supp. 3d 940, 945 (C.D. Cal. 2015) (citing Block v. Rutherford, 468 U.S. 576, 584 (1984)). There is no constitutional infringement if restrictions are "but an incident of some other legitimate government purpose." Id. In such a circumstance, governmental restrictions are permissible. United States v. Salerno, 481 U.S. 739, 747 (1987).

"While a pretrial detainee's right to be free from punishment is grounded in the Due Process Clause, courts borrow from Eighth Amendment jurisprudence when analyzing the rights of pretrial detainees." Pierce v. Cty. of Orange, 526 F.3d 1190, 1205 (9th Cir. 2008).

In this case, plaintiff complains that the circumstances surrounding his assignment to the administrative segregation unit due to his alleged gang activity violated his due process rights.

5

Assignment of validated gang members and associates to the segregated housing unit is an administrative measure rather than a disciplinary measure and is "essentially a matter of administrative discretion." Bruce v. Ylst, 351 F.3d 1283, 1287 (9th Cir. 2003) (quoting Munoz v. Rowland, 104 F.3d 1096, 1098 (9th Cir. 1997)). To satisfy due process, the administrative segregation process must meet only minimal due process requirements: an informal non-adversary hearing within a reasonable time after being segregated, notice of the charges or the reasons segregation is being considered, and an opportunity for the inmate to present his views. Toussaint v. McCarthy, 801 F.2d 1080, 1100 (9th Cir. 1986), overruled on other grounds by Sandin, 515 U.S. at 481.

The administrative determination also must meet the "some evidence" standard of Superintendent v. Hill, 472 U.S. 445, 455 (1985); Bruce, 351 F.3d at 1287. Because the standard for "some evidence" is not high, a court need only decide whether there is any evidence at all that could support the prison officials' administrative decisions. Bruce, 351 F.3d at 1287-88. A reviewing court does not "examine the entire record, independently assess witness credibility, or reweigh the evidence." Id. at 1287. However, the evidence supporting the administrative determination must bear "some indicia of reliability." Cato v. Rushen, 824 F.2d 703, 705 (9th Cir. 1987) (citations omitted). California regulations regarding the quantity or quality of evidence required to support gang validation do not dictate the outcome of the federal due process analysis. A single piece of evidence that has sufficient indicia of reliability can be sufficient to meet the "some evidence" standard. Bruce, 351 F.3d at 1288.

Plaintiff alleges several deficiencies in the context of his administrative segregation, but only the following are relevant pursuant to Toussaint, 801 F.2d at 1100: he was not given notice of the reason for his segregation, there was not "some evidence" to support his segregation, a non-adversary hearing was not held, and he was not provided an opportunity to present his views. On its face, these allegations are sufficient to state a due process claim. However, plaintiff does not sufficiently link these allegations to any defendant. It is true that he accuses Sheriff Deputy Braillie of failing to disclose the information provided by the confidential informant, but there is no claim or even suggestion in the pleading that this defendant had a role in the decision to

administratively segregate plaintiff or was in charge of whether the information would be disclosed. Additionally, plaintiff's allegations as to defendant Walker are so minimal that the court cannot determine what exactly this defendant is alleged to have done in violation of plaintiff's rights. And finally, plaintiff's allegations as to Captain Weinzinger appear premised solely on supervisory liability since there are no allegations specifically linking this defendant to a violation of plaintiff's rights. Taylor v List, 880 F.2d 1040, 1045 (9th Cir. 1989) (citation omitted) ("There is no respondeat superior liability under section 1983.").

The foregoing are not the only problems with plaintiff's claim. As noted in the order screening the original complaint (ECF No. 5), plaintiff was transferred to the Tulare County Main Jail and released from administrative segregation before filing this action. Thus, insofar as he seeks only declaratory and injunctive relief, plaintiff was directed to clearly demonstrate in an amended complaint why his claims are not now moot. See Cockcroft v. Kirkland, 548 F. Supp. 2d 767, 778 (N.D. Cal. 2008) ("When an inmate is released from prison or transferred to another prison and there is no reasonable expectation nor demonstrated probability that he will again be subjected to the prison conditions from which he seeks injunctive relief, the claim for injunctive relief should be dismissed as moot.") (citing Dilley v. Gunn, 64 F.3d 1365, 1368-69 (9th Cir. 1995)). Plaintiff has not followed this directive.

Nevertheless, generally, leave to amend should be "freely given" where there is no "undue delay, bad faith or dilatory motive on the part of the movant, ... undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment ...." Foman v. Davis, 371 U.S. 178, 182 (1962); Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir.2003) (listing the Foman factors as those to be considered when deciding whether to grant leave to amend). Not all of these factors merit equal weight. Rather, "the consideration of prejudice to the opposing party ... carries the greatest weight." Id. (citing DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 185 (9th Cir.1987)).

Dismissal without leave to amend is proper only if it is clear that "the complaint could not be saved by any amendment." Intri–Plex Techs. v. Crest Group, Inc., 499 F.3d 1048, 1056 (9th Cir. 2007) (citing In re Daou Sys., Inc., 411 F.3d 1006, 1013 (9th Cir. 2005); Ascon Props., Inc. v.

Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir. 1989) ("Leave need not be granted where the amendment of the complaint ... constitutes an exercise in futility ....")).

The Court previously notified the plaintiff of the deficiencies in his complaint and specifically directed him to link the conduct of the defendants to his claims and to demonstrate why this action is not now moot. Plaintiff has failed to correct the deficiencies or otherwise comply with the directives, suggesting that any further amendment would be futile.

**V.    Conclusion**

The court finds that plaintiff has failed to state a claim against any of the defendants. Accordingly, the Court **ORDERS** that a district judge SHALL be assigned to this case; and

The Court **RECOMMENDS** that this action be dismissed without leave to amend.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). **Within fourteen days** after being served with these Findings and Recommendations, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:    **August 13, 2018**              **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE